TERRY HAGGERTY,

       Plaintiff,

                       Case No. 23-cv-1532-pp

  v.

PACIFIC SANDS, INC., MICHAEL MICHIE,
JAMES MADERSKI and GORDON BROOKS,

       Defendants.

## ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (DKT. NO. 28) AND GRANTING LEAVE TO FILE AN AMENDED COMPLAINT

On November 15, 2023, the plaintiff—who is a shareholder and former board member of Pacific Sands, Inc.—filed this derivative action against Pacific Sands and against Michael Michie, James Maderski and Gordon Brooks, members of Pacific Sands' board of directors. Dkt. No. 1. The defendants have moved for judgment on the pleadings, arguing that the plaintiff failed to make the necessary pre-suit demand to proceed with a derivative action. Dkt. No. 28.

The court will grant the defendants' motion, but will give the plaintiff an opportunity to amend the complaint.

## I. Background

### A. Factual Background

In its order denying the defendants' motion to dismiss, the court described the factual allegations in the complaint in detail. See Dkt. No. 24 at

1

2–11. Briefly: the complaint states that Pacific Sands is a Nevada corporation with its principal place of business in Kenosha, Wisconsin. Dkt. No. 1 at ¶¶10–11. It alleges that the plaintiff is a shareholder, a former member of Pacific Sands' Board of Directors (the Board) and formerly the company's chief financial officer (CFO). Id. at ¶¶7–9. It alleges that in February 2022, a review of the company's accounts revealed that Pacific Sands' chief executive officer—Michael Michie—had "manipulated the books and records for Pacific Sands, in relation to a Pacific Sands' cash account over which Michie had sole control and access." Id. at ¶35. The complaint alleges that the plaintiff reported this misconduct to James Maderski—who, at that time, was the only board member other than himself and Michie—and that the plaintiff and Maderski agreed that Michie should be terminated and removed from the Board. Id. at ¶¶42–43. But the complaint alleges that after Brooks joined the board, Brooks and Maderski reversed the decision to terminate Michie and remove him from the Board, without discussing it with the plaintiff. Id. at ¶¶46–47.

The complaint alleges that the plaintiff discovered additional financial misconduct by Michie, including that Michie had granted an unauthorized discount to a Pacific Sands customer in violation of company policy and that Michie used Pacific Sands assets to pay business expenses for his partner's dog walking business. Id. at ¶¶53–55, 61–62. It asserts that the plaintiff reported this to Brooks and Maderski, who took no action. Id. at ¶¶56–59, 65–66. It asserts that Michie offered an employee an unauthorized bonus, then later reneged on the offer, exposing the company to liability. Id. at ¶¶71–80. The

2

complaint also contends that Michie violated the terms of the company's ISO certification, risking suspension of the certification during an audit. Id. at ¶¶87–111. Other instances of Michie's alleged wrongdoing include violating the company's overtime policy, id. at ¶¶115–126, approving fraudulent invoices for handpicked contractors, id. at ¶¶130–136, and receiving improper cash compensation for company shares, id. at ¶¶145–164. The complaint alleges that the board took no action to respond to any of the plaintiff's complaints about Michie's behavior. Id. at ¶¶85, 112–113, 127–129, 138–142.

The complaint states that the plaintiff later resigned from the board because of its "failures to properly exercise its oversight function relating to the above-summarized allegations, and other problems." Id. at ¶175. It alleges that the plaintiff again raised all these issues to the board prior to filing this lawsuit, but that the board either did not respond or did not provide a response adequately addressing the plaintiff's concerns. Id. at ¶¶49–51, 60, 67, 86, 114, 143. The complaint brings four derivative causes of action: (1) breach of fiduciary duty against Michie; (2) equitable accounting against all defendants; (3) unjust enrichment against Michie; and (4) breach of fiduciary duty against Michie, Maderski and Brooks. Id. at ¶¶182–221. Under each count, the complaint alleges that the plaintiff "has not made further demand on Pacific Sands, because any such demand would be futile" because the board took no action against Michie despite the plaintiff's numerous complaints. Id. at ¶¶184, 193, 206, 215.

3

B.      Procedural Background

The defendants moved to dismiss the complaint, arguing that the court lacked subject-matter jurisdiction and that the complaint failed to state a claim for relief. Dkt. No. 13. The briefing on the motion to dismiss revealed a choice of law dispute. The defendants argued that Nevada substantive law applied, while the plaintiff argued that Wisconsin law applied. See Dkt. No. 24 at 16–18 (describing the parties' choice of law arguments). The court determined that Wisconsin law applied. Id. at 20. Because all the defendants' remaining arguments for dismissal were based on Nevada substantive law, the court denied their motion to dismiss. Id. at 21–22. The court ordered the defendants to answer the complaint by January 9, 2026. Id. at 22.

On January 9, 2026, the defendants filed their answer. Dkt. No. 26. The court set a scheduling conference and asked the parties to file a joint discovery plan. Dkt. No. 27. But on February 24, 2026, the defendants filed the instant motion for judgment on the pleadings. Dkt. No. 28. The court canceled the scheduling conference pending the resolution of this motion. Dkt. No. 30.

II.      **Defendants' Motion for Judgment on the Pleadings (Dkt. No. 28)**

A.      Parties' Arguments

The defendants argue that the plaintiff cannot proceed with a derivative action because he did not make a pre-suit demand before filing the case. Dkt. No. 28 at 2. They argue that Wisconsin applies a "universal demand" rule for shareholder derivative actions, which requires that a written demand be made on the corporation at least ninety days prior to filing. Id. at 5 (citing Wis. Stat.

4

§180.0742(1)–(2)). The defendants assert that this requirement is enforced strictly, and that a general letter directed to individual shareholders will not do. Id. at 6. The defendants argue that the complaint contains no allegations establishing that the plaintiff made a compliant demand prior to filing the complaint. Id. at 6–7. According to the defendants, Wisconsin law does not excuse the demand requirement even if a demand would be futile. Id. at 7–8. They argue that the plaintiff's complaints to individual directors did not satisfy the demand requirement, because demand must be made "upon the corporation" itself. Id. at 8–9.

The defendants argue that Wisconsin's demand requirement is a mandatory substantive rule, not a procedural or jurisdictional one. Id. at 12–13. They assert that the plaintiff must plead with particularity his efforts to satisfy the demand rule, and that alleging that the defendants were on notice of the issues is not sufficient. Id. at 13–14. The defendants assert that dismissal is the proper remedy where the plaintiff fails to establish that he complied with the demand rule. Id. at 15. They contend that because *pre-suit* notice is required, the plaintiff cannot cure the failure by amending the complaint. Id. at 16.

The plaintiff responds that although Wisconsin law applies to the case, Nevada law applies to the specific issue of pre-suit demand. Dkt. No. 31 at 6. According to the plaintiff, Wisconsin law states that if an action is brought against a foreign corporation, demand issues "shall be governed by the laws of the jurisdiction of incorporation of the foreign corporation." Id. (quoting Wis.

5

Stat. §180.0747). The plaintiff asserts that the court should consider whether he complied with Nevada's demand requirements, because Pacific Sands is incorporated in Nevada. Id. at 6–7. The plaintiff asserts that Nevada law requires only that a plaintiff "attempt to seek redress through the corporation's directors or shareholders before bringing a derivative action" and does not require a written demand or a waiting period before filing suit. Id. at 7 (quoting Pompei v. Clarkson, 132 Nev. 1019, fn. 4 (2016)). The plaintiff argues that the complaint shows that he made pre-suit demands as to each of the board actions he now challenges, and that the board rejected those demands. Id. at 7–11. The plaintiff maintains that any further demand attempts would have been futile under Nevada law. Id. at 11. He asserts that demand was futile because the directors personally were involved in the alleged violations, suggesting that the board would be more concerned with protecting their own positions than investigating their own wrongdoing. Id. at 12–13.

The plaintiff contends that even if Wisconsin law applied to the demand requirement, he satisfied Wisconsin's requirements. Id. at 13. He argues that his demands to the board, described in the complaint, serve as pre-suit demand under the law because Wisconsin does not specify the form a demand must take. Id. at 13–14. The plaintiff says that Wisconsin law also provides that he may proceed with a derivative suit without waiting ninety days if irreparable injury would result. Id. at 14. The plaintiff argues that the complaint alleged multiple time-sensitive issues that would justify immediate suit. Id. at 14–15. These include the allegations of financial misconduct, loss of

6

customer goodwill and failure to adhere to corporate governance rules. Id. at 15–16. The plaintiff argues that if the court does not believe the complaint sufficiently alleges that he made pre-suit demands, the court should grant him leave to amend the complaint to demonstrate that he satisfied the demand requirement. Id. at 17–18.

The defendants reply that the court already has ruled that Wisconsin law applies, so the plaintiff's arguments for applying Nevada law are waived or forfeited. Dkt. No. 32 at 3–4. They argue that the plaintiff is asking the court to reconsider its choice-of-law analysis, even though it was the plaintiff who sought to have the court apply Wisconsin law in his opposition to the original motion to dismiss. Id. at 4–5. The defendants assert that if the court now decides that Nevada law applies to the demand requirement, the court should reconsider its denial of the motion to dismiss because Nevada substantive law precludes the plaintiff's claims. Id. at 5.

The defendants argue that the plaintiff has not satisfied Nevada's demand requirement. Id. at 5–6. They maintain that the plaintiff's internal complaints to the board do not constitute a legal demand directed at the corporation. Id. at 6. They contend that the plaintiff's demand that the board hold an annual shareholder meeting does not encompass a demand to investigate Michie's alleged breaches of fiduciary duty as alleged in the complaint. Id. at 6–7. The defendants argue that even if further demand would have been futile, the complaint does not contain allegations establishing futility. Id. at 7–8. They say that at most, the plaintiff provided a generalized

notice to the board about his complaints and did not give the corporation itself time to review and respond to the complaints. <u>Id.</u> at 9–10. The defendants argue that the plaintiff cannot use additional communications that are not contained in the complaint to satisfy the demand rule at this stage. <u>Id.</u> at 10.

      B.     <u>Legal Standard</u>

A party may move for judgment on the pleadings after the pleadings are closed. Federal Rule of Civil Procedure 12(c). A motion for judgment on the pleadings is governed by the same standards as a motion under Rule 12(b)(6) to dismiss for failure to state a claim. <u>Adams v. City of Indianapolis</u>, 742 F.3d 720, 728–29 (7th Cir. 2014). "To survive a motion to dismiss under Rule 12(b)(6), a complaint must 'state a claim to relief that is plausible on its face.' . . . Factual allegations are accepted as true at the pleading stage, but 'allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion.'" <u>Id.</u> at 729 (citations omitted).

As the name "motion for judgment on the pleadings" implies, "Rule 12(c) permits a judgment based on the pleadings alone." <u>N. Ind. Gun & Outdoors Shows, Inc. v. City of South Bend</u>, 163 F.3d 449, 452 (7th Cir. 1998) (citations omitted). "The pleadings include the complaint, the answer, and any written instruments attached as exhibits." <u>Id.</u> (citing, *e.g.*, Fed. R. Civ. P. 10(c)). In considering a motion for judgment on the pleadings, the court may consider only the plaintiff's complaint, the defendants' answer and any documents either party attached to those to pleadings.

8

C.   Analysis

The defendants argue that the plaintiff cannot proceed with a derivative action. "A derivative suit is brought by an investor in the corporation's (not the investor's) right to recover for injury to the corporation." Felzen v. Andreas, 134 F.3d 873, 875 (7th Cir. 1998). "Because corporate decisions (such as suing on its behalf) are typically in the hands of the board of directors, derivative suits represent an anomaly of corporate governance." Dorvit on behalf of Power Sols. Int'l, Inc. v. Winemaster, 950 F.3d 984, 988 (7th Cir. 2020). "Only when the corporation's board defaults in its duty to protect the interests of the investors" may a plaintiff pursue a derivative suit. Felzen, 134 F.3d at 875.

For this reason, the Federal Rules of Civil Procedure impose a special pleading requirement on would-be derivative plaintiffs. Rule 23.1(b)(3) requires that derivative plaintiffs plead with particularity "any effort by the plaintiff to obtain the desired action from the directors or comparable authority and, if necessary, from the shareholders or members" and "the reasons for not obtaining the action or not making the effort." "Though federal law determines whether a plaintiff has stated the facts with sufficient detail, state law determines whether a plaintiff's stated reasons are sufficient as a matter of substantive law." Lowinger v. Oberhelman, 924 F.3d 360, 366 (7th Cir. 2019) (citing Westmoreland C'nty Emp. Ret. Sys. v. Parkinson, 727 F.3d 719, 722 (7th Cir. 2013)). The court has ruled that Wisconsin law applies to the case, so the court must look to Wisconsin law to determine whether the plaintiff has complied with Wisconsin's demand rule.

9

Wisconsin law states that no shareholder may initiate a derivative action until the following events occur:

> (1) A written demand is made upon the corporation to take suitable action.

> (2) Ninety days expire from the date on which the demand was made, unless the shareholder or beneficial owner is notified before the expiration of 90 days that the corporation has rejected the demand or unless irreparable injury to the corporation would result by waiting for the expiration of the 90-day period.

Wis. Stat. §180.0742. But that demand requirement applies only to domestic (Wisconsin) corporations, because Wisconsin law also states that "[i]n any derivative proceeding in the right of a foreign corporation, the matters covered by ss. 180.0741, **180.0742** and 180.0744 shall be governed by the laws of the jurisdiction of incorporation of the foreign corporation." Wis. Stat. §180.0747 (emphasis added). Pacific Sands is incorporated in Nevada. That means that Wisconsin law directs the court to look to the law of Nevada when deciding whether (1) a plaintiff has standing to bring a derivative action (Wis. Stat. §180.0741), (2) a plaintiff has satisfied the demand requirement (Wis. Stat. §180.0742) and (3) the court should dismiss the action based on a special litigation committee's recommendation (Wis. Stat. §180.0744).

The defendants argue that applying Nevada law to the demand requirement contravenes the court's ruling that Wisconsin law applies to this case. Not so. It is the applicable Wisconsin law that directs the court to apply the state of incorporation's law in three specific instances. Applying Wisconsin law means that the court must look to Nevada law for the demand

10

requirement. Wisconsin law applies to foreign corporations in all matters other than the three areas specifically excluded by statute.

The defendants reply that if the court finds that Nevada law governs the demand requirement, the court must revisit its decision denying the original motion to dismiss and must consider the defendants' arguments made under Nevada law. But a reply brief is not the proper vehicle in which to ask the court to reconsider a prior ruling. Even if the court were to reconsider, the defendants did not argue in their original motion to dismiss that Wisconsin law applies and that applying Wisconsin law requires the court to apply Nevada law to the demand requirement. The defendants (incorrectly) argued that Nevada law applied to all aspects of the case. Reconsidering would require the court to construct on the defendants' behalf an argument that they did not make. The court declines the invitation to do so, especially because the defendants have had the opportunity in their reply brief in support of *this* motion for judgment on the pleadings to address the plaintiff's arguments that he satisfied Nevada's demand rule.

The court turns now to the question of whether the complaint satisfies Nevada's demand rule given the pleading standard in Fed. R. Civ. P. 23.1. Under Nevada law, "[a] shareholder must make a demand on the board of directors to address the shareholder's claims prior to bringing a derivative action, or demonstrate that such a demand is futile." Parametric Sound Corp. v. Eighth Jud. Dist. Ct. in & for Cnty. of Clark, 401 P.3d 1100, 1105 (Nev. 2017) (citations omitted); see also N.R.S. §41.520(2) (the plaintiff must make

11

efforts "to secure from the board of directors or trustees and, if necessary, from the shareholders such action as the plaintiff desires" and explain "the reasons for the plaintiff's failure to obtain such action or the reasons for not making such effort"). The Nevada Supreme Court has held that the plaintiff must establish "that a demand has been made and refused, or that making a demand would be futile or otherwise inappropriate." Shoen v. SAC Holding Corp., 137 P.3d 1171, 1179–80 (Nev. 2006) (citations omitted), abrogated on other grounds by Guzman v. Johnson, 483 P.3d 531 (2021). The plaintiff can plead that demand is futile if "particularized facts in the shareholder derivative complaint 'raise[ ] a reasonable doubt that the current board of directors would be able to exercise its independent and disinterested business judgment in responding to a demand.'" In re Amerco Derivative Litig., 252 P.3d 681, 698 (Nev. 2011) (quoting Shoen, 137 P.3d at 1185) (alteration in original).

The plaintiff argues that he made several demands to the board to investigate Michie's alleged wrongdoings. But the complaint lacks the necessary particularity to satisfy Nevada law and Rule 23.1. The complaint states generally that the plaintiff "reported" Michie's wrongdoing to the other directors and that they "refused" to act. See, e.g., Dkt. No. 1 at ¶¶56–57. The complaint does not describe with detail what demands the plaintiff made to the board and or the board's response, including any reasons the board may have given for refusing the demand. With his opposition brief, the plaintiff provides a copy of a pre-suit letter he sent to Pacific Sands including a draft of his complaint, which he argues serves as a demand. Dkt. No. 31-4. But the

12

complaint itself contains no reference to that pre-suit letter. The complaint states only that "[p]rior to filing this Verified Complaint, the plaintiff] again demanded that the Board take action." See, *e.g.*, Dkt. No. 1 at ¶49. None of these allegations are sufficient to meet Rule 23.1's requirement that the plaintiff plead facts related to demand with particularity.

The plaintiff argues that further demand was futile because the board was not disinterested or independent from the action demanded. He argues that the wrongs he alleged were actions taken by Michie and the other board members. "Director interestedness sufficient to support a demand futility claim will only be shown in 'rare case[s] . . . where defendants' actions were so egregious that a substantial likelihood of director liability exists.'" McMahon on Behalf of Uranium Energy Corp. v. Adnani, 457 P.3d 968 (Table), 2019 WL 959267, at *1 (Nev. 2019) (quoting Shoen, 137 P.3d at 1183–84) (alteration in original). Here, the plaintiff alleges that Michie was personally involved in the alleged wrongdoing, but that the other board members were not. At most, the complaint alleges that the other board members knew of Michie's wrongdoing and chose not to act. That is not sufficient to allege the kind of "egregious" conduct that would raise a "substantial likelihood" of director liability. Because the plaintiff has not pled particularized facts that satisfy the applicable demand requirement, the court must dismiss the complaint. See Starrels v. First Nat. Bank of Chi., 870 F.2d 1168, 1172 (7th Cir. 1989) (affirming dismissal for failure to plead that she satisfied the demand requirement or allege why

13

demand would be futile). The court must grant the defendants' motion for judgment on the pleadings.

But the court will grant the plaintiff leave to amend the complaint. "Unless it is *certain* from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend after granting a motion to dismiss." Runnion *ex rel.* Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana, 786 F.3d 510, 519–20 (7th Cir. 2015). Although this decision comes on a motion for judgment on the pleadings rather than a motion to dismiss, "[t]he only difference between a motion for judgment on the pleadings and a motion to dismiss is timing." Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc., 983 F.3d 307, 313 (7th Cir. 2020). The standards for evaluating a Rule 12(b)(6) motion to dismiss also govern a Rule 12(c) motion for judgment on the pleadings. Adams v. City of Indianapolis, 742 F.3d 720, 727–28 (7th Cir. 2014). The plaintiff should have the same opportunity to amend the complaint that the court would afford a plaintiff when granting a motion to dismiss for failure to state a claim.

The court will give the plaintiff an opportunity to amend the complaint by the deadline the court sets below. If the plaintiff does not file an amended complaint by that date, the court will dismiss this case.

## III. Conclusion

The court **GRANTS** the defendants' motion for judgment on the pleadings. Dkt. No. 28.

14

The court **ORDERS** that if the plaintiff wishes to proceed with this case, he must file an amended complaint by the end of the day on **July 30, 2026**. If the plaintiff does not file an amended complaint by day's end on July 30, 2026, the court will dismiss this case. If the plaintiff files an amended complaint, the defendants must file an answer or responsive pleading within the time permitted by the Federal Rules of Civil Procedure.

Dated in Milwaukee, Wisconsin this 26th day of June, 2026.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**

15